### JIM WILLIAMS *v.* THE STATE.

1. CONTINUANCE — NEW TRIAL.— No application for a continuance asked on account of the absence of a witness is now grantable as a matter of right; but, when a continuance has been refused and the defendant convicted, if it appeared at his trial that the evidence of the absent witness was material and probably true, then a new trial should be granted.

2. CHARGE OF THE COURT.— It is not incumbent on the trial judge to give in charge to the jury the law applicable to a deduction which the jury could not reasonably draw from the evidence.

3. PENALTY.— Within the limits prescribed by law, the amount of the punishment is a matter for the determination of the jury alone. The court is concerned no further than to see that those limits are not transcended by the assessment made by the jury.

APPEAL from the District Court of Robertson. Tried below before the Hon. W. E. COLLARD.

The indictment charged the appellant with the theft of a horse belonging to P. B. Waters, on May 4, 1881. The

jury found him guilty, and assessed his punishment at a term of ten years in the penitentiary.

Waters, the owner of the animal, testified to its disappearance from the range about the time alleged, and without his knowledge or consent. Information caused him to suspect the appellant, and to obtain a warrant for his arrest. He soon effected the arrest, and after doing so asked appellant about the missing animal, which was a mare and branded on the shoulder with letters designated by the witness. Appellant said that he had had the mare, and had traded her in the town of Marlin to a man named H. Rickerman. Defendant further said that Sam Henderson had turned the mare over to him to trade for a Mexican named Joe; that he, defendant, understood that the mare belong to the Mexican, and that the latter wanted him to trade her off. Defendant said he would go with witness and show him the mare. They went to Marlin, and there the witness found his mare in the possession of Rickerman. The statement of the defendant to witness was made voluntarily and freely.

Tom Harper, for the State, testified that the defendant, about the date alleged in the indictment, had a bay mare which he proposed to trade. Witness offered to trade for her, but defendant said he wanted a work horse as his horse had been hooked by an ox, and that if he did not trade with a man who had offered to trade him a horse he would come back and trade with witness.

H. Rickerman, for the State, testified that the defendant, on May 6, 1881, came to witness's store in Marlin, and wanted to trade a bay mare, which was branded on the shoulder with the letters designated by Waters. Witness traded a horse to the defendant for the mare, and had his clerk write a bill of sale for the defendant to execute. Defendant could not write, and had the clerk to sign the name "Sam Henderson" to the bill of sale.

The defense introduced no evidence. Before the trial

he applied for a continuance for the purpose of obtaining the testimony of one Hanna, by whom he alleged he could prove that the mare was delivered to him by Sam Henderson, who represented that she belonged to a Mexican named Joe, and that he authorized defendant to trade her off.   The continuance being refused, exception to the ruling was reserved by the defense.

*F. H. Prendergast*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WINKLER, J.   When a defendant in a criminal prosecution applies for a continuance on account of the absence of a witness, the application, though it be the first or any subsequent application, and though the application contain the several requisites enumerated in the statute, is addressed to the sound discretion of the court to whom it is made, and is not to be granted as a matter of right on meeting the requirements of the statute for a first application, as was formerly the case under laws then in force.   The rule now is that when an application for a continuance has been overruled and the defendant has been convicted, if it appear upon the trial that the evidence of the witness or witnesses named in the application for a continuance was of a material character, and that the facts set forth in the application for a continuance were probably true, it then becomes the duty of the trial judge to grant the defendant a new trial.   Code Crim. Proc. art. 560, clause 6.

Looking back through the trial, and considering the statements of the absent witness in connection with the testimony of the witnesses who testified at the trial, we are constrained to say that there was good ground to suspect that the evidence it was expected to procure from the absent witness, instead of being of a material character and probably true, was a sheer fabrication, neither

material nor probably true. There was no error in refusing the application or in refusing to grant a new trial on this account.

The second supposed error assigned is to the effect that the court erred in not charging the jury that the possession of property recently stolen was not sufficient to sustain a conviction of theft, if the accused give a reasonable account of how he came in possession of the property, unless there are other facts showing his guilt. This supposed omission seems to be based upon the idea that the only evidence of the defendant's guilt was the fact that the property which had been recently stolen was traced to the defendant's possession, and that the property having been found in his possession was the only evidence of his guilt.

We do not so understand the testimony, as we find it in the statement of facts. In the first place, the defendant after his arrest stated that he had been in possession of the animal, and had traded it to a man in Marlin, giving the man's name; which statements were subsequently found to be true, and which tended to fix guilt upon him, and which were admitted without objection, and would have been admissible even if objected to, under the provisions of article 750, Code Criminal Procedure, in that his confession was found to be true and led to the discovery of the stolen property. This is not all; in giving a bill of sale he gave it in the name of another person and not his own, and, besides, he is shown to have claimed the property as his own to more than one person and at more than one place, and at the time he traded the animal and before. To one witness he claimed to desire to trade the animal for a work horse, on the pretense that his had been gored by an ox; which went far to negative the idea that he was trading the animal for either the man Henderson or the Mexican Joe.

The testimony did not require of the trial judge such

a charge as that indicated by the assignment of errors. It was the duty of the judge to charge the law applicable to every legitimate deduction the jury might reasonably draw from the testimony; and having done this, he was not required to do more.

It is urged in behalf of the appellant that, as there were no circumstances of aggravation proved against the accused, the verdict is excessive, and that a new trial should have been granted on that account. The law has fixed the punishment for the offense of which the appellant has been convicted; the minimum at five years, the maximum at fifteen years. Penal Code, art. 746. When a jury has determined that the accused is guilty, it then becomes their duty to fix the punishment within these limits. The courts have nothing to do with the amount of the punishment (unless absolutely fixed by law. Code Crim. Proc. art. 712), further than to see that it is within the bounds prescribed by the law.

We are of the opinion that the other supposed errors are not well taken, and that the judgment must be affirmed.

*Affirmed.*